G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd, Suite 960
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG CRAWFORD,<br><br>          Plaintiff,<br><br>     vs.<br><br><br>COMENITY , LLC dba COMENITY CAPITAL BANK,<br><br>          Defendant(s). | Case No.: 5:17-cv-2247<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

1.     GREGG CRAWFORD (Plaintiff), through his attorneys, brings this action to secure redress from COMENITY , LLC dba COMENITY CAPITAL BANK (Defendant) for violations of the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq. ("ECOA").

2.     Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in taking an "adverse action" as defined by the ECOA against Plaintiff and his credit account and failing to provide Plaintiff with the requisite written

notice advising of said "adverse action" and a written explanation to why such action took place.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the ECOA, 15 U.S.C. 1691 *et seq*.

4.    Jurisdiction of this Court arises pursuant to 15 U.S.C. 1691(e)(f), which states that, "Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction."

5.    Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains a business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

6.    Plaintiff is a natural person residing in Riverside County, State of California.

7.    Defendant is a corporation with its State of Incorporation being Ohio.

## FACTUAL ALLEGATIONS

8.    On or about February, 2016, Plaintiff applied for and was approved for an extension of credit for a PayPal Credit account, which is funded and serviced by Defendant.  The amount of credit extended to Plaintiff upon review and approval of his application was $6,000.00.

9.    Plaintiff then utilized this extension of credit from Defendant to purchase "points" for his and his wife's timeshare agreement with Worldmark.

10.    From February 2016 through June 2017, Plaintiff made all necessary payments on his credit account with Defendant.

11.     However, in May of 2017, while disputing a particular charge via telephone with Defendant, it was discovered that Plaintiff inadvertently miswrote the last 4 digits of his Social Security Number on his application (notwithstanding the fact that Plaintiff otherwise qualified for and was approved for the $6,000.00 credit extension despite this error).

12.     Both Plaintiff and his wife made significant efforts with Defendant to simply cure the inadvertent typographical error by providing Plaintiff's full and accurate Social Security Number.

13.     However, Defendant refused to accept the correct Social Security Number and threatened Plaintiff with immediate closure of his credit account without further delay or explanation.

14.     In June 2017, Plaintiff and his wife reviewed their online accounts and discovered that Defendant did indeed close Plaintiff's account.   What is more, Defendant inexplicably made the unilateral decision to transfer Plaintiff's balance directly over to his wife's credit account without permission, without legal justification, and without any further notice.

15.     To date, Defendant has never provided Plaintiff with written notice of his account closure, the transfer of balance to his wife's account, and/or any written explanation as to why Defendant took such action.

16.     The closure of an existing credit account, or similar revocation of an existing extension of credit constitutes an "adverse action" as defined by 15 U.S.C. § 1691(d)(6).

17.     As such, pursuant to 15 U.S.C. § 1691(d)(2), "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—

**(A)** providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or

COMPLAINT FOR DAMAGES

**(B)** giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request."

17.   Thus, Defendant's conduct is in direct violation of the ECOA.

18.   As a result of Defendant's conduct, Plaintiff has suffered damages in the form of lost credit opportunities, loss of available credit, further expenditure of household finances due to the increase in payments requested by Defendant directed at his wife, needles expenditure of time in attempting to rectifying this issue to no fault of his own, and various other tangibles and intangibles to be determined by the fact finder at Trial.

## COUNT I:

## DEFENDANT VIOLATED THE EQUAL CREDIT OPPORTUNITY ACT

19.   As described above, Defendant's conduct constitutes violations of the ECOA, 15 U.S.C. § 1691, et seq.

20.   The closure of an existing credit account, or similar revocation of an existing extension of credit constitutes an "adverse action" as defined by 15 U.S.C. § 1691(d)(6).

21.   As such, pursuant to 15 U.S.C. § 1691(d)(2), "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—

**(A)** providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or

**(B)** giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the

COMPLAINT FOR DAMAGES

person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GREGG CRAWFORD respectfully requests judgment be entered against Defendant, COMENITY CAPITAL BANK, for the following:

22.    Actual damages per Statute;

23.    Punitive Damages per Statute;

24.    Costs and reasonable attorneys' fees per Statute;

25.    For prejudgment interest at the legal rate; and

26.    Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

RESPECTFULLY SUBMITTED,

Dated: November 2, 2017        **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*

- 5 -

COMPLAINT FOR DAMAGES